IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KIM RHEIN | ) | |
| DAVID RHEIN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 13 C 843 |
| | ) | |
| AGENT PRYOR, et. al. | ) | Hon. Judge Gary Feinerman |
| | ) | |
| | ) | Hon. Mag. Judge Young B. Kim |
| | ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

A. Nature of the Case

1. The attorneys of record are as follows: Richard Dvorak (lead attorney), THE LAW OFFICES OF RICHARD DVORAK, for the Plaintiffs; Sunil Shashikant Bhave (lead attorney) and Thor Yukinobu Inouye, Assistant Attorneys General, ILLINOIS ATTORNEY GENERAL'S OFFICE, for the Defendants.

2. The basis of federal jurisdiction is 28 U.S.C. § 1331.

3. The Plaintiffs bring claims of illegal search and seizure related to the seizure of the Plaintiffs' firearms against the Defendant Officers (Pryor, Summers and Coffman). The Plaintiffs also bring a claim of injunctive and declaratory relief against Defendants Grau and Madigan. The Plaintiffs contend 430 ILCS 65/8(f) is unconstitutional. The parties have agreed that Defendant Grau is the proper party to sue, not Madigan, for this claim, and thus the Plaintiffs will dismiss Madigan from this complaint. The Plaintiffs have not made a calculation of damages, but it will include the amount of attorney's fees spent fighting to get their weapons back. The Plaintiffs seek a declaration from this Court that the statute in question is unconstitutional, and that an injunction be ordered prohibiting Defendant Illinois State Police Director Grau from enforcing this statute.

4. Plaintiffs have agreed to dismiss Defendant Attorney General from this lawsuit as discussed in paragraph 3 above and, thus, she will not be obligated to Answer the Complaint. Defendants Illinois State Police Officers and Director Hiram Grau likely will file a motion to dismiss claims that he claims fail to state a cause of action as pleaded. Specifically, Director Grau likely will file a motion to dismiss the declaratory and injunctive relief claims regarding the constitutionality of 430 ILCS 65/8(f) because, he claims, this claim can be addressed as a matter of law. The individual ISP Defendants

cannot state at this time whether an Answer or motion in lieu of Answer will be filed at this time, as more time is necessary to review the allegations in the Complaint.

5. The principal legal and factual issues revolve around whether the Defendants violated Plaintiffs' Fourth and Fourteenth Amendment rights by searching their residence and seizing their firearms (the firearms were eventually returned to the Plaintiffs after the Plaintiffs filed suit in state court), whether Defendants properly revoked Defendant David Rhein's Firearm Owner's Identification Card, whether 430 ILCS 65/8(f) violates Equal Protection, Due Process, or the Second Amendment, whether Plaintiff is entitled to injunctive relief, enjoining the Department of State Police from enforcing 430 ILCS 65/8(f).

6. All the Defendants have been served with the complaint.

B. Proceedings to Date

   1. There have been no substantive rulings.

   2. There is a pending motion for an extension of time to answer or otherwise plead as to Defendants Pryor, Summers, Coffman and Grau. Defendant Madigan filed a motion to dismiss, but this will be moot after the Plaintiffs file their motion to dismiss.

C. Discovery and Case Plan

   1. There has been no exchange of discovery.
   2. It is not anticipated that discovery will include electronically stored information.
   3. Proposed scheduling order.

      a. Deadline for Rule 26(a)(1) disclosures: May 20, 2013.
      b. Deadline for issuing written initial discovery requests: May 27, 2013.
      c. Deadline for completing fact discovery: September 23, 2013.
      d. The parties do not propose proceeding with discovery in phases.
      e. The parties do not, at this time, anticipate the need for expert discovery but will advise the Court if expert discovery is necessary.
      f. Plaintiff requests that the deadline for amending the pleadings and bringing in other parties be August 23, 2013. Defendants object to any further amendment of the pleadings or addition of new parties on the basis of expiration of the statute of limitations.
      g. Deadline for filing dispositive motions: October 23, 2013.
   4. The parties have requested jury demands.
   5. A trial is estimated to take 2-3 days.

D.  Settlement

    1.      There have been no settlement discussions to date.
    2.      The parties are not requesting a settlement conference.

E.  Magistrate Judge

    1.      The parties do not consent to proceeding before a magistrate for all purposes.
    2.      No other matters have been referred to the magistrate.

s/ Richard Dvorak
_____
Richard Dvorak, for Plaintiffs


s/ Sunil Bhave
_____
Sunil Bhave, for the Defendants