IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIM RHEIN and DAVID RHEIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 13 C 843 |
| v. ) | |
| ) | JUDGE FEINERMAN |
| AGENT STEVEN PRYOR, Star Number ) | |
| 4816, an Illinois State Police Officer, in his ) | MAGISTRATE JUDGE KIM |
| individual capacity; AGENT FREDDIE ) | |
| SUMMERS, Star Number 5706, an Illinois ) | |
| State Police Officer, in his individual ) | |
| capacity; LIEUTENANT JOHN ) | |
| COFFMAN, an Illinois State Police ) | |
| Officer, in his individual capacity; HIRAM ) | |
| GRAU, Illinois State Police Director, in ) | |
| his official capacity; and LISA ) | |
| MADIGAN, Illinois Attorney General, in ) | |
| her official capacity, ) | |
| ) | |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants Illinois State Police Director Hiram Grau, Sergeant Steven Pryor, Special Agent Freddie Summers, and Lt. John Coffman, by their attorney Lisa Madigan, the Illinois Attorney General, move this Honorable Court to dismiss the Amended Complaint of Plaintiffs David and Kim Rhein pursuant to Federal Rule of Civil Procedure 12(b)(6). In support, Defendants state as follows:

1.  Plaintiffs allege that Defendants violated their constitutional rights by revoking Mr. Rhein's Firearm Owner's Identification ["FOID"] card and then subsequently seizing his firearms from his home. Plaintiffs argue that the revocation provision of the FOID card statute is unconstitutionally vague, does not provide pre- and post-deprivation remedies, and violates their

1

rights under the Second Amendment and the Equal Protection Clause of the United States Constitution. Plaintiffs also allege that the Defendants violated their Fourth Amendment rights by seizing Mr. Rhein's firearms from their home and Mr. Rhein's First Amendment rights.

2. Pursuant to 430 ILCS 65/8(f), the Department of State Police revoked Mr. Rhein's FOID Card based upon perceived threats he made to a government official, not based on any alleged "political commentary" made by Mr. Rhein. The statute permits the State Police to revoke a FOID Card if the individual has a state of mind manifested by violent, suicidal, threatening, or assaultive behavior that is of such a nature that it poses a clear and present danger to himself, another person, or the community. Id. Shortly after a revocation letter was issued, State Police officers took possession of his firearms.

3. Contrary to Plaintiffs' allegations, the term "clear and present danger" is easily defined and not unconstitutionally vague as people of ordinary intelligence need not guess at its meaning.

4. The statute explicitly provides for adequate post-deprivation procedures, which include administrative and judicial *de novo* review. Further, a pre-deprivation hearing is not required for FOID Card revocations as pre-deprivation hearings could result in irreparable harm to the individual or others during the pendency of such proceedings and the risk of erroneous deprivation is minimized by the post-deprivation remedies.

5. The limited basis for revocation, *i.e.*, clear and present danger to the individual or others, does not prohibit responsible, law-abiding citizens from owning firearms and thus does not violate Second Amendment protections. Further, because the provision does not categorically prohibit firearm possession by responsible, law-abiding citizens, only intermediate scrutiny would apply. As the provision furthers the State's objective of promoting public safety

by keeping firearms out of the hands of those who might harm themselves or others, it survives intermediate scrutiny.

6. For purposes of the Equal Protection Clause, the Court should apply the rational basis standard. Because the provision survives intermediate scrutiny, it necessarily survives rational basis review.

7. Mere speculation that the Department could revoke Mr. Rhein's FOID card in response to subsequent perceived threats is insufficient to confer standing.

8. Due to exigent circumstances, a warrant would not be required to seize Plaintiffs' firearms.

9. Plaintiffs have pleaded themselves out of court on their First Amendment retaliation claim because they have alleged that Mr. Rhein's FOID card was revoked because Defendants perceived him to have a mental condition that presented a clear and present danger, not because Plaintiff engaged in protected speech.

10. Because there was no underlying constitutional violation, there can be no supervisory liability.

For the reasons stated above and set forth in greater detail in the accompanying memorandum of law in support of their motion for dismissal of Plaintiffs' Amended Complaint, Defendants respectfully request this Court dismiss with prejudice all claims against them, and provide any other relief this Court deems just and proper.

| | |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | Respectfully submitted,<br><br>/s/ *Sunil Bhave*<br>Sunil Bhave<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br>(312) 814-4450 |

## CERTIFICATE OF SERVICE

      I, Sunil Bhave, hereby certify that I have caused true and correct copies of the above and foregoing Motion to Dismiss Plaintiffs' Amended Complaint to be sent via e-filing to all counsel of record on August 1, 2013, in accordance with the rules on electronic filing of documents.

/s/ *Sunil Bhave*
Sunil Bhave
Assistant Attorney General