# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KIM RHEIN,<br>DAVID RHEIN, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) | 13 C 843 |
| AGENT PRYOR, Star Number 4816,<br>an Illinois State Police Officer, in his<br>individual capacity;<br>AGENT SUMMERS, Star Number 5706,<br>An Illinois State Police Officer, in his<br>individual capacity;<br>LIEUTANANT JOHN COFFMAN,<br>an Illinois State Police Officer, in his<br>individual capacity;<br>HIRAM GRAU, Illinois State Police Director;<br>in his individual and official capacities; | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | JUDGE FEINERMAN<br><br>MAGISTRATE JUDGE KIM |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Jurisdiction/Venue

1. The search and seizure in this case occurred on or about February 5, 2011 in Sauk Village, Cook County, Illinois, located in the Northern District of Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff Kim Rhein was residing

in the Northern District of Illinois, with her husband, David Rhein, at their home in Sauk Village, Cook County, Illinois.

4. At all relevant times pertinent to this occurrence, Defendants (Illinois State Police Agent Pryor, Star Number 4816, Illinois State Police Agent Summers, Star Number 5706, Illinois State Police Lieutenant John Coffman and Illinois State Police Director Hiram Grau) ("Defendant Officers") were acting within the course and scope of their employment with the Illinois State Police, and they were acting under color of law. These Defendant Officers are being sued for damages, described below.

5. Defendant Hiram Grau is the Director of the Illinois State Police, which is the state agency ostensibly in charge of enforcement of 430 ILCS 65/8(f).

6. Grau is being sued for damages, and as the sole Defendant in a declaratory and injunctive relief action.

Facts

7. On February 5, 2011, the Plaintiffs were in their home.

8. On this date, the Plaintiffs were not committing any violation of any law, statute or ordinance.

9. Inside their home, the Plaintiffs lawfully possessed firearms.

10. Kim was the owner of one or more of these firearms, and David was the owner of the rest.

11. As of this date, Plaintiff Kim Rhein owned a valid FOID card, and there was never any attempt to take away this FOID card, and she still possesses it to this date.

12. On February 3, 2011, Coffman wrote a letter purporting to attempt to revoke David Rhein's valid FOID card.

13. On February 4, 2011, Coffman or someone at the Illinois State Police mailed that letter.

14. The attempt to revoke Plaintiff David Rhein's FOID card was allegedly pursuant to 430 ILCS 65/8(f).

15. David Rhein did not receive Coffman's letter in the mail until February 7, 2011.

16. On February 5, 2011, Defendants Pryor and Summers, without a warrant, the Plaintiffs' valid and voluntary consent, or any other legal justification, entered the Plaintiffs' home, and illegally searched the Plaintiffs' home, and, once inside, Pryor and Summers illegally seized the Plaintiffs' firearms, some and/or all of which the Plaintiffs used for personal protection, hunting, investment and/or enjoyment.

17. Pryor and Summers took their actions with the approval of their supervisor, Lieutenant Coffman, who knew the search and seizure was unlawful, in violation of the Fourth and Second Amendments, yet Coffman approved it and/or condoned the illegal search and seizure/Second Amendment violation anyway.

18. The Plaintiffs were required to pay and hire an attorney to obtain their firearms and for David Rhein to get his FOID card back, and eventually, as the result of a court action, in the summer of 2012, the Plaintiffs were able to have the firearms returned to them.

19. As a result of the actions of the Defendant Officers, the Plaintiffs suffered damages.

20. The acts of the Defendant Officers violated the Plaintiffs' Second, Fourth, Fifth, and Fourteenth Amendment rights.

21. The Defendant Officers took their actions ostensibly pursuant to 430 ILCS 65/8(f).

22. The actions of the Defendant Officers in violating Plaintiffs' due process rights,

conducting the illegal search and seizure (and/or approving of it), and illegally seizing the Plaintiffs' firearms in no way was justified under this statute.

23. There no reasonable basis to conclude David Rhein had a mental condition that presented a clear and present danger to himself or anyone else.

24. Additionally and/or alternatively, this statute violates the Due Process and Equal Protection Clauses of the United States Constitution, and the statute also violates the Second Amendment to the United States Constitution.

25. Section 65/8 provides no definition or method for determining whether someone has a "mental condition" that is "of such a nature that it poses a clear and present danger to the applicant, any other person or persons or the community."

26. The statute does not state who is to make this determination, nor does it give any standards for making this determination.

27. The statute is vague.

28. Section 65/8 provides no pre-seizure due process remedy.

29. Section 65/8 provides no post-seizure due process remedy.

30. At no time did any law enforcement official allege that Kim Rhein had a mental condition or was a danger in any way.

31. While Coffman alleged in his letter that David Rhein had such a mental condition, this is totally without merit, Coffman had no reasonable basis for making this conclusion, and Plaintiff David Rhein had no way of challenging such a conclusion.

32. The actions of the Defendant Officers violated the Second Amendment, the Fourth Amendment, as well as the Due Process and Equal Protection Clauses of the United States Constitution.

33. Additionally, the Plaintiffs seek declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983, and 28 U.S.C. § 2201, *et. seq.*, against Grau from enforcement of 430 ILCS 65/8(f), as this statute violates the Second Amendment, as well as the Due Process and Equal Protection Clauses of the United States Constitution.

34. Plaintiff David Rhein also bring an as-applied First Amendment challenge because the actions of the Defendant Officers were the result of Plaintiff David Rhein expressing unpopular political views, specifically about his support of Second Amendment rights.

35. The Plaintiffs, who both own valid FOID cards allowing them to possess the firearms in their home, are now again in lawful possession of their firearms, but they have a reasonable fear that Section 65/8(f) will be used again against one or both of them, to either revoke one or more of the Plaintiffs' valid FOID cards and/or seize their lawfully possessed firearms.

36. The actions taken against David Rhein, upon information and belief, were done because of his political comments to a locally elected official some time before the illegal search and seizure that concerned David Rhein's views about Americans' Second Amendment rights that either the representative, someone in that representative's office, and/or one of the Defendant Officers somehow construed (falsely) as evidence that David Rhein had a mental condition that made him dangerous.

37. Both David and Kim Rhein plan on continuing to engage in political commentary supporting the Second Amendment, and the continued existence of the overbroad and vague statute, which contains no adequate due process guarantees, is chilling the

Plaintiffs' speech and preventing them from engaging in further political commentary supporting the Second Amendment.

38. The Plaintiffs fear their political commentary will put them at risk of being labeled as mentally unstable and dangerous, even though this is, in fact, not the case, and thus they have legitimate concern that Section 65/8(f) will be used against them in a manner that would deprive them of their Constitutional rights, as described more fully above.

39. Finally, upon information and belief, the statute in question is being used by Illinois State Police officials in a similar and persistent manner against other individuals in Illinois who are having their firearms and/or FOID cards revoked pursuant to this statute for engaging in speech that Illinois State Police officials are falsely construing as an indicative of a mental condition exhibiting dangerousness.

WHEREFORE, the Plaintiffs respectfully request compensatory and punitive damages against the Defendant Officers, and declaratory and injunctive relief against Defendant Grau in that Plaintiffs seeks a declaration that 430 ILCS 65/8(f) is unconstitutional, and that Defendants should be temporarily, then permanently, enjoined from enforcing this statute.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

By: s/ Richard Dvorak
Attorney for the Plaintiffs.

Richard Dvorak
THE LAW OFFICES OF RICHARD DVORAK

18W140 Butterfield Road, 15th Floor
Oakbrook Terrace, IL 60181
(312) 593-7146 (phone)
(312) 276-4868 (fax)
richard_dvorak@civilrightdefenders.com