# EXHIBIT C

Westlaw.

Not Reported in F.Supp.2d, 2006 WL 2460614 (N.D.Ill.)
**(Cite as: 2006 WL 2460614 (N.D.Ill.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.
Timothy ROSS, Plaintiff,
v.
Richard M. DALEY, Mayor of the City of Chicago,
Illinois, et al., Defendants.

No. 05 C 3665.
Aug. 23, 2006.

Timothy Ross, Chicago, IL, pro se.

Nathalina A. Hudson, Stacy Ann Benjamin, Department of Law, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*
HIBBLER, J.

**\*1** Timothy Ross ("Ross"), a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Chicago Police Superintendent Phillip J. Cline ("Cline") violated his civil rights by failing to train the defendant police officers under his command. The officers allegedly used excessive force during the course of Ross's arrest and incarceration and failed to provide him with medical treatment during the course of and following his arrest on March 11, 2005.[FN1] Ross has brought this suit against Cline in both his individual and official capacities.

> FN1. This case has been stayed as to the police officers pending resolution of Ross's underlying state criminal case. (Dkt. No. 38.)

Cline has moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Ross has filed his response.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint, or any portion of a complaint, shall be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P.12(b)(6). Pursuant to Rule 12(b)(6), a motion to dismiss tests the legal sufficiency of the complaint, and not the merits of a case. Gibson v. Chicago, 910 F.2d 1510, 1520 (7th Cir.1990). A court will grant a motion to dismiss only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In reviewing a motion to dismiss, a court must treat all well-pleaded allegations as being true and draw all reasonable inferences in the light most favorable to the plaintiff. Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir.1999); Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir.1996)("For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff."). "Allegations of a *pro se* complaint are held 'to less stringent standards than formal pleadings drafted by lawyers ...' " Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir.2001)(quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972))(per curiam). Courts therefore liberally construe *pro se* complaints. Alvarado, 267 F.3d at 651 (citation omitted); *see also* Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir.1996)("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally").

Cline moves to dismiss Ross's complaint asserting that Ross has failed to allege that he either took part in arresting Ross or that he had any knowledge that Ross had ever been arrested by the defendant

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 2460614 (N.D.Ill.)
**(Cite as: 2006 WL 2460614 (N.D.Ill.))**

police officers. (Def.'s Mem. at 3.) Next, Cline asserts that Ross has failed to allege that he had knowledge of any unconstitutional conduct on the part of the defendant police officers or that he, at some point, had an opportunity to intervene in Ross's case, but failed to do so. (*Id.*) Accordingly, Cline avers that Ross's complaint fails to state a claim for relief under § 1983 because the only allegation in Ross' complaint which implicates him is that he failed to properly train the defendant police officers under his command who allegedly violated Ross's constitutional rights. (*Id.*)

**\*2** Ross has responded to Cline's motion to dismiss asserting that Cline had personal knowledge that the police officers at the Chicago Police Department's ("CPD") 18th District were using excessive force on detainees because there have been prior complaints against both the 18th District as well as Cline. (Pl.'s Resp. at 1.) Ross further contends that because Cline had knowledge of the unconstitutional conduct and did nothing about it, he, in essence, was personally involved in the conduct because he both permitted and tolerated the use of excessive force on the part of the police officers at CPD's 18th District. (*Id.*) Ross also asserts that Cline has the authority to promulgate police department policy setting forth the rules for police officer conduct which included establishing disciplinary measures. (*Id.* at 1-2.) Ross therefore claims that Cline's failure to properly train the defendant police officers amounts to deliberate indifference on the part of Cline, in light of the fact that Cline knew about the CPD's 18th District's police officers' history of the use of excessive force. (*Id.* at 2.) Accordingly, Ross contends that he has established liability under § 1983 given that Cline's failure to implement corrective measures resulted in a constitutional violation of his rights. (*Id* .)

A *section 1983* claim for supervisory liability, whether in an individual or official capacity, requires an underlying constitutional violation by an officer who was subject to the defendant's supervision. *See Higgins v. Correctional Med. Servs. of Ill., Inc., 178*

*F.3d 508, 513-14 (7th Cir.1999); Estate of Phillips v. City of Milwaukee, 123 F.3d 586, 596-97 (7th Cir.1997).* An official capacity claim is, in essence, a claim against the governmental entity that employs the defendant. *See Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Chortek v. Milwaukee, 356 F.3d 740, 748 n. 4 (7th Cir.2004).* A local governmental entity is liable for damages only if a plaintiff can show that the alleged constitutional violation or deprivation occurred as a result of an official policy, custom, or practice. *Monell v. Dep't of Social Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Chortek, 356 F.3d at 748.* Liability may be demonstrated in three ways: "(1) by an express policy that, when enforced, causes a constitutional deprivation; (2) by a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) by a showing that the constitutional injury was caused by a person with final policymaking authority." *Franklin v. City of Evanston, 384 F.3d 838, 843 (7th Cir.2004); see also Baxter by Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 735 (7th Cir.1994).*

There are only a limited number of circumstances in which a failure to train will be characterized as a municipal policy under § 1983. *Robles v. City of Fort Wayne, 113 F.3d 732, 735 (7th Cir.1997)* (citations omitted). Inadequate police training may support a § 1983 claim only where the failure to train amounts to deliberate indifference of the rights of persons with whom the police come into contact. *City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).* The standard is met where, in light of the specific police officer's duties, the need for more or different training is "obvious," and the existing inadequacy is likely to result in a constitutional violation. *Id. at 390.* The municipality would have to possess actual or constructive notice that such a failure to train would likely result in constitutional deprivations. *Robles, 113 F.3d at 735.* Such notice could be established through learning of a pattern of constitu-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 2460614 (N.D.Ill.)
**(Cite as: 2006 WL 2460614 (N.D.Ill.))**

tional violations, or where a clear constitutional duty is implicated in recurrent situations that a particular police officer is likely to face. *Id.* (citations omitted).

**\*3** The Court finds that Ross has established a failure to train claim against Cline in his official capacity because he has sufficiently pled that Cline had notice of prior complaints against both the CPD's 18th District as well as Cline regarding excessive use of force against detainees. Thus, Ross has alleged that Cline had a custom or practice of permitting and tolerating the use of excessive force on the part of the police officers at the 18th District. Accordingly, Ross's complaint sufficiently alleges that Cline's failure to train the defendant police officers may amount to deliberate indifference of detainee rights given that Cline knew or should have known about the CPD's 18th District's police officers' history of the use of excessive force.

Next, with regard to individual liability of a supervisor, "[t]he doctrine of *respondeat superior* cannot be used to impose § 1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights." *Lanigan v. Village of E. Hazel Crest,* 110 F.3d 467, 477 (7th Cir.1997) (citations omitted). Thus, in order "to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct." *Id.* (citing *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988); *see also Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983) (citation omitted)("[A]n individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation"). Accordingly, "supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable ... The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Jones,* 856 F.2d at 992-93.

Ross has established a failure to train claim against Cline in his individual capacity because he has alleged that Cline had personal knowledge of the unconstitutional use of excessive force by the defendant police officers on prisoner detainees at the CPD's 18th District since there were prior complaints against both the 18th District as well as Cline. Accordingly, Ross has alleged that Cline was personally involved in the constitutional deprivations because he knew about the use of excessive force on the part of the police officers and acted with deliberately indifference because he permitted and tolerated the unconstitutional conduct.

The Court finds that, when viewing Ross' allegations as being true and drawing all reasonable inferences in the light most favorable to him, he has pled a failure to train claim against Cline in both his official and individual capacities.

*CONCLUSION*

In view of the foregoing, Cline's motion to dismiss is denied.

N.D.Ill.,2006.
Ross v. Daley
Not Reported in F.Supp.2d, 2006 WL 2460614 (N.D.Ill.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.