**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| KIM RHEIN, | ) | |
| DAVID RHEIN, | ) | |
| | ) | |
| Plaintiffs, | ) | 13 C 843 |
| | ) | |
| | ) | |
| AGENT PRYOR, Star Number 4816, | ) | |
| an Illinois State Police Officer, in his | ) | JUDGE FEINERMAN |
| individual capacity; | ) | |
| AGENT SUMMERS, Star Number 5706, | ) | MAGISTRATE JUDGE KIM |
| An Illinois State Police Officer, in his | ) | |
| individual capacity; | ) | |
| LIEUTANANT JOHN COFFMAN, | ) | |
| an Illinois State Police Officer, in his | ) | |
| individual capacity; | ) | |
| HIRAM GRAU, Illinois State Police | ) | |
| Director; | ) | |
| in his individual and official capacities; | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants Agents Pyror and Summers and Lt. Coffman (collectively "Defendants"), by their attorney, LISA MADIGAN, Attorney General of Illinois, hereby submit their Answer to Plaintiffs' First Amended Complaint.

1.  The search and seizure in this case occurred on or about February 5, 2011 in Sauk Village, Cook County, Illinois, located in the Northern District of Illinois.

**ANSWER**: Defendants admit.

2.  The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. §1367(a).

**ANSWER**: Defendants admit that jurisdiction is proper, but deny that any claims arise under pendant jurisdiction pursuant to 28 U.S.C. §1367(a).

Parties

3.  At all relevant times pertaining to this occurrence, Plaintiff Kim Rhein was residing in the Northern District of Illinois, with her husband, David Rhein, at their home in Sauk Village,

Cook County, Illinois.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in his paragraph.

4.  At all relevant times pertinent to this occurrence, Defendants (Illinois State Police Agent Pryor, Star Number 4816, Illinois State Police Agent Summers, Star Number 5706, Illinois State Police Lieutenant John Coffman and Illinois State Police Director Hiram Grau) ("Defendant Officers") were acting within the course and scope of their employment with the Illinois State Police, and they were acting under color of law. These Defendant Officers are being sued for damages, described below.

**ANSWER**: Defendants admit the allegations, but deny that they committed any of the wrongful acts complained of by Plaintiffs.

5.  Defendant Hiram Grau is the Director of the Illinois State Police, which is the state agency ostensibly in charge of enforcement of 430 ILCS 65/8(f).

**ANSWER**: Defendants admit.

6.  Grau is not being sued for damages, but is being sued as the sole Defendant in a declaratory and injunctive relief action.

**ANSWER**: Plaintiffs' declaratory and injunctive relief claim against Defendant Grau has been dismissed and Defendant Grau is no longer a party to this action. (Docs. 42-43). As a result, Defendants deny.

Facts

7.  On February 5, 2011, the Plaintiffs were in their home.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

8.  On this date, the Plaintiffs were not committing any violation of any law, statute or ordinance.

**ANSWER:** Defendants deny.

9.  Inside their home, the Plaintiffs lawfully possessed firearms.

**ANSWER:** Defendants deny.

10.  Kim was the owner of one or more of these firearms, and David was the owner of the rest.

**ANSWER**: Defendants admit.

11.     As of this date, Plaintiff Kim Rhein owned a valid FOID card, and there was never any attempt to take away this FOID card, and she still possesses it to this date.

**ANSWER:** Defendants admit.

12.     On February 3, 2011, Coffman wrote a letter purporting to attempt to revoke David Rhein's valid FOID card.

**ANSWER:** Defendants admit that, on February 3, 2011, Defendant Coffman signed a letter to David Rhein advising that David Rhein's FOID Card had been revoked.  Defendants deny the remaining allegations.

13.     On February 4, 2011, Coffman or someone at the Illinois State Police mailed that letter.

**ANSWER: Defendants admit that, on or before February 4, 2011, the letter was placed into the U.S. Mail.**

14.     The attempt to revoke Plaintiff David Rhein's FOID card was allegedly pursuant to 430 ILCS 65/8(f).

**ANSWER:** Defendants admit that Plaintiff David Rhein's FOID card was revoked pursuant to 430 ILCS 65/8(f). Defendants deny the remaining allegations.

15.     David Rhein did not receive Coffman's letter in the mail until February 7, 2011.

**ANSWER:** Defendants deny.

16.     On February 5, 2011, Defendants Pryor and Summers, without a warrant, the Plaintiffs' valid and voluntary consent, or any other legal justification, entered the Plaintiffs' home, and illegally searched the Plaintiffs' home, and, once inside, Pryor and Summers illegally seized the Plaintiffs' firearms, some and/or all of which the Plaintiffs used for personal protection, hunting, investment and/or enjoyment.

**ANSWER:** Defendants deny that they did not have valid or voluntary consent to enter the premises without a warrant.  Defendants deny the remaining allegations.

17.     Pryor and Summers took their actions with the approval of their supervisor, Lieutenant Coffman, who knew the search and seizure was unlawful, in violation of the Fourth and Second Amendments, yet Coffman approved it and/or condoned the illegal search and seizure/Second Amendment violation anyway.

**ANSWER:** Defendants deny.

18.     The Plaintiffs were required to pay and hire an attorney to obtain their firearms and for

David Rhein to get his FOID card back, and eventually, as the result of a court action, in the summer of 2012, the Plaintiffs were able to have the firearms returned to them.

**ANSWER:** Defendants admit that Plaintiff David Rhein's firearms were returned to him, but deny that the return of the firearms was a result of court action. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

19. As a result of the actions of the Defendant Officers, the Plaintiffs suffered damages.

**ANSWER:** Defendants deny.

20. The acts of the Defendant Officers violated the Plaintiffs' Second, Fourth, Fifth, and Fourteenth Amendment rights.

**ANSWER:** Defendants deny.

21. The Defendant Officers took their actions ostensibly pursuant to 430 ILCS 65/8(f).

**ANSWER:** Defendants admit that Plaintiff David Rhein's FOID card was revoked pursuant to 430 ILCS 65/8(f). Defendants deny the remaining allegations.

22. The actions of the Defendant Officers in violating Plaintiffs' due process rights, conducting the illegal search and seizure (and/or approving of it), and illegally seizing the Plaintiffs' firearms in no way was justified under this statute.

**ANSWER:** Defendants deny that they committed the wrongful conduct complained of, and therefore deny.

23. There no reasonable basis to conclude David Rhein had a mental condition that presented a clear and present danger to himself or anyone else.

**ANSWER:** Defendants deny.

24. Additionally and/or alternatively, this statute violates the Due Process and Equal Protection Clauses of the United States Constitution, and the statute also violates the Second Amendment to the United States Constitution.

**ANSWER:** Plaintiffs' constitutional challenges to the statute have been dismissed. (Docs. 42-43). Accordingly, Defendants deny.

25. Section 65/8 provides no definition or method for determining whether someone has a "mental condition" that is "of such a nature that it poses a clear and present danger to the applicant, any other person or persons or the community."

**ANSWER:** Defendants deny.

26.     The statute does not state who is to make this determination, nor does it give any standards for making this determination.

**ANSWER:** Defendants deny.

27.     The statute is vague.

**ANSWER:** Defendants deny.

28.     Section 65/8 provides no pre-seizure due process remedy.

**ANSWER:** Defendants deny.

29.     Section 65/8 provides no post-seizure due process remedy.

**ANSWER:** Defendants deny.

30.     At no time did any law enforcement official allege that Kim Rhein had a mental condition or was a danger in any way.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31.     While Coffman alleged in his letter that David Rhein had such a mental condition, this is totally without merit, Coffman had no reasonable basis for making this conclusion, and Plaintiff David Rhein had no way of challenging such a conclusion.

**ANSWER:** Defendants admit that Defendant Coffman stated in his letter that Plaintiff David Rhein's FOID card was being revoked because he possessed a mental condition that presented a clear and present danger. Defendants deny the remaining allegations.

32.     The actions of the Defendant Officers violated the Second Amendment, the Fourth Amendment, as well as the Due Process and Equal Protection Clauses of the United States Constitution.

**ANSWER:** Defendants deny.

33.     Additionally, the Plaintiffs seek declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983, and 28 U.S.C. § 2201, et. seq., against Grau from enforcement of 430 ILCS 65/8(f), as this statute violates the Second Amendment, as well as the Due Process and Equal Protection Clauses of the United States Constitution.

**ANSWER:** Plaintiffs' declaratory and injunctive relief claim against Defendant Grau has been dismissed and Defendant Grau is no longer a party to this action. (Docs. 42-43). Therefore, Defendants deny these allegations.

34.     Plaintiff David Rhein also bring an as-applied First Amendment challenge because the actions of the Defendant Officers were the result of Plaintiff David Rhein expressing unpopular political views, specifically about his support of Second Amendment rights.

**ANSWER:** Defendants admit that Plaintiff David Rhein alleges an as-applied First Amendment claim, but deny the remaining allegations.

35.     The Plaintiffs, who both own valid FOID cards allowing them to possess the firearms in their home, are now again in lawful possession of their firearms, but they have a reasonable fear that Section 65/8(f) will be used again against one or both of them, to either revoke one or more of the Plaintiffs' valid FOID cards and/or seize their lawfully possessed firearms.

**ANSWER:** Defendants admit that Plaintiffs both have valid FOID cards allowing them to possess firearms in their home. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

36.     The actions taken against David Rhein, upon information and belief, were done because of his political comments to a locally elected official some time before the illegal search and seizure that concerned David Rhein's views about Americans' Second Amendment rights that either the representative, someone in that representative's office, and/or one of the Defendant Officers somehow construed (falsely) as evidence that David Rhein had a mental condition that made him dangerous.

**ANSWER:** Defendants admit that Plaintiff David Rhein's FOID card was revoked, in part, because of threats he made to a locally-elected official. Defendants deny the remaining allegations.

37.     Both David and Kim Rhein plan on continuing to engage in political commentary supporting the Second Amendment, and the continued existence of the overbroad and vague statute, which contains no adequate due process guarantees, is chilling the Plaintiffs' speech and preventing them from engaging in further political commentary supporting the Second Amendment.

**ANSWER:** Defendants lack information or knowledge sufficient to form a belief as to the truth of whether both Plaintiffs David and Kim Rhein plan on engaging in political commentary supporting the Second Amendment. Defendants deny the remaining allegations.

38.     The Plaintiffs fear their political commentary will put them at risk of being labeled as mentally unstable and dangerous, even though this is, in fact, not the case, and thus they have legitimate concern that Section 65/8(f) will be used against them in a manner that would deprive them of their Constitutional rights, as described more fully above.

**ANSWER:** Defendants deny that they committed any of the wrongful conduct complained of by Plaintiffs in the preceding paragraphs and deny that there is any legitimate concern that the statute will be used to deprive them of their Constitutional rights. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations.

39.     Finally, upon information and belief, the statute in question is being used by Illinois State Police officials in a similar and persistent manner against other individuals in Illinois who are having their firearms and/or FOID cards revoked pursuant to this statute for engaging in speech that Illinois State Police officials are falsely construing as an indicative of a mental condition exhibiting dangerousness.

**ANSWER:** Defendants deny.

## AFFIRMATIVE DEFENSES

1.     Defendants are governmental officials, namely law enforcement officers, who perform discretionary functions. At all times material to the events alleged in Plaintiffs' First Amended Complaint, a reasonably competent law enforcement officer, objectively viewing the facts and circumstances then confronting Defendants, could have believed his actions to be lawful, in light of clearly established law and the information possessed by Defendants. Defendants therefore are entitled to qualified immunity on Plaintiffs' claims under federal law.

2.     Plaintiff David Rhein's statements to the locally-elected official and his office do not qualify as Constitutionally-protected speech.

3.     Plaintiff fails to state a claim upon which relief may be granted.

4.     Defendants had valid consent to search Plaintiffs' residence and seize his firearms and, therefore, Plaintiffs' Fourth Amendment rights were not violated.

## JURY DEMAND

Defendants Agents Pryor and Summers and Lt. Coffman request trial by jury on all issues so triable.

| | |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | Respectfully submitted,<br><br>_____/s/ *Sunil Bhave* _____<br>Sunil Bhave<br>Assistant Attorney General<br>100 W. Randolph St., 13th Fl.<br>Chicago, IL 60601<br>(312) 814-4450 |

## CERTIFICATE OF SERVICE

    I, Sunil Bhave, hereby certify that I have caused true and correct copies of the above and foregoing Answer to Plaintiffs' First Amended Complaint to be sent via e-filing to all counsel of record on April 9, 2014, in accordance with the rules on electronic filing of documents.

                                                           _____/s/ *Sunil Bhave*_____<br>
                                                            SUNIL BHAVE<br>
                                                            Assistant Attorney General