IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIM RHEIN and DAVID RHEIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 13 C 843 |
| v. ) | |
| ) | JUDGE FEINERMAN |
| AGENT STEVEN PRYOR, Star Number ) | |
| 4816, an Illinois State Police Officer, in his ) | MAGISTRATE JUDGE KIM |
| individual capacity; AGENT FREDDIE ) | |
| SUMMERS, Star Number 5706, an Illinois ) | |
| State Police Officer, in his individual ) | |
| capacity; LIEUTENANT JOHN ) | |
| COFFMAN, an Illinois State Police ) | |
| Officer, in his individual capacity; HIRAM ) | |
| GRAU, Illinois State Police Director, in ) | |
| his official capacity; and LISA ) | |
| MADIGAN, Illinois Attorney General, in ) | |
| her official capacity, ) | |
| ) | |
| Defendants. ) | |

**UNOPPOSED MOTION FOR LEAVE TO TAKE DEPOSITIONS OF PLAINTIFFS'
THERAPISTS AND EXAMINE PERTINENT RECORDS**

Defendants Sergeant Steven Pryor, Special Agent Freddie Summers, and Lt. John Coffman, by their attorney Lisa Madigan, the Illinois Attorney General, move this Honorable Court for leave to take the depositions of Drs. Alan Childs and Michelle Howell, two licensed therapists who evaluated Plaintiff David Rhein, as well as leave to examine records pertinent to the depositions, pursuant to section 10 of the Illinois Mental Health and Developmental Disabilities Confidentiality Act. 740 ILCS 110/10 (2012). In support, Defendants state as follows:

1. Plaintiffs claim, in part, that Defendants improperly revoked David Rhein's FOID Card on grounds that Mr. Rhein possessed a mental condition which posed a clear and present

1

danger to himself and/or others. They claim, in part, that revocation of Mr. Rhein's FOID Card violated the First, Second, and Fourteenth Amendments.

2. After Mr. Rhein's FOID Card was revoked, Dr. Michelle Howell evaluated him for a psychological evaluation and mental status examination. A report of the findings and conclusions of the examination have been submitted to this Court under seal (Doc. 51) along with Defendants' motion for leave to file under seal (Doc. 50).

3. The report is authored by Dr. Alan Childs. But upon information and belief, Dr. Howell was the examining therapist and was the principal author of the report. Upon information and belief, Dr. Childs employed Dr. Howell and generally supervised her work.

4. If a therapist objects, Section 10 of the Illinois Mental Health and Developmental Disabilities Confidentiality Act prohibits Defendants from deposing either Dr. Howell or Dr. Childs without a court order. 740 ILCS 110/10(a)(1) (2012).

5. But Section 10 allows for the disclosure of mental health records and the testimony of a therapist under circumstances, such as those presented here.

6. Mr. Rhein has introduced his mental condition as an element of his claim by endorsing Dr. Childs as a Rule 26(a) witness.

7. Under such circumstances, Section 10(a) permits the requested depositions only to the extent this Court "finds, after in camera examination of . . . evidence, that it is relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible; that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm."

8. Section 10(a) further states that "no record or communication between a therapist and a recipient shall be deemed relevant for purposes of this subsection, except the fact of treatment, the cost of services and the ultimate diagnosis unless the party seeking disclosure of the communication clearly establishes in the trial court a compelling need for its production."

9. Here, the conditions of section 10(a) have been satisfied; therefore, this Court should allow Defendants to take the depositions of Drs. Childs and Howell and examine any relevant mental health records in their possession.

10. The central issue in this case is whether Mr. Rhein possessed a mental condition that posed a clear and present danger as defined by section 8(f) of the FOID Card Act. 430 ILCS 65/8(f) (2012). Thus, evidence of Mr. Rhein's mental status is relevant, probative, not unduly prejudicial nor inflammatory, and clearly admissible. Moreover, the only evidence of Dr. Howell's examination of Mr. Rhein is the three-page report submitted under seal along with Defendants' motion for leave to file the report under seal (Docs. 50-51). This report is untested. Defendants thus should be permitted to question Drs. Howell and Childs regarding the report and their examinations to uncover the full bases for their conclusions.

11. Given that Mr. Rhein's mental health is the primary focus in this case, Defendants have a compelling need to take Drs. Childs' and Howell's depositions and examine all relevant documents in their possession relating to Mr. Rhein's mental health.

12. Counsel for Defendants has spoken with both counsel for Plaintiffs and counsel for Drs. Childs and Howell (who has been served with a copy of this motion). Neither counsel objects to the taking of Drs. Childs' and Howell's depositions. Counsel for Drs. Childs and Howell, however, will not produce his therapist-clients for depositions without order from this Court.

13. Defendants have submitted an "Agreed Order," which has been tendered to this Court's Agreed Order Email Box, which would allow them to subpoena Drs. Childs and Howell for depositions and production of documents.

14. Proper notice of this motion, along with the proposed Agreed Order, have been served upon counsel for Drs. Childs and Howell, as required by 740 ILCS 110/10(d) (2012).

**Wherefore,** Defendants respectfully request that this Court enter the Agreed Order and grant Defendants leave to depose Drs. Childs and Howell and examine documents in their possession.

LISA MADIGAN
Attorney General of Illinois

Respectfully submitted,

/s/ *Sunil Bhave*
Sunil Bhave
Assistant Attorney General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-4450

**CERTIFICATE OF SERVICE**

I, Sunil Bhave, hereby certify that I have caused true and correct copies of the above and foregoing Motion to be sent via e-filing to all counsel of record, and to the counsel identified below via email, on June 13, 2014, in accordance with the rules on electronic filing of documents.

Jim Shaffer
20 N. Clark St., Suite 1100
Chicago, IL  60602
jashaffer@ameritech.net

/s/ *Sunil Bhave*
Sunil Bhave
Assistant Attorney General