AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| David Rhein, et al | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13 CV 843 |
| Steven Pryor | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Dr. Alan Childs

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 30 N. Michigan Ave., Suite 1207, Chicago, IL | Date and Time: July 9, 10:30 a.m. |
|---|---|

The deposition will be recorded by this method: Certified Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all records, documents, notes, or tangible things of any kind that relate to either David Rhein or Kim Rhein.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/27/2014

CLERK OF COURT

OR

/s/ Sunil Bhave

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sunil Bhave, counsel for Defendants ____, who issues or requests this subpoena, are:
100 W. Randolph St., 13th Fl., Chicago, IL, sbhave@atg.state.il.us, 312-814-4450

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 13 CV 843

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Dr. Alan Childs
on *(date)* 06/26/2014 .

☑ I served the subpoena by delivering a copy to the named individual as follows: Jim Shaffer, counsel for Dr. Alan Childs, by email per agreement, to jashaffer@ameritech.net
___ on *(date)* 06/30/2014 ; or

☐ I returned the subpoena unexecuted because: ___

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ 40.00 .

My fees are $ ___ for travel and $ ___ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 06/26/2014

/s/ Sunil Bhave
*Server's signature*

Sunil Bhave, Assistant Attorney General
*Printed name and title*
100 W. Randolph, 13th Fl., Chicago, IL 60601

___
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or
　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| David Rhein, et al<br>*Plaintiff*<br>v.<br>Steven Pryor<br>*Defendant* | )<br>)<br>) Civil Action No. 13 CV 843<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Dr. Michelle Howell

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 30 N. Michigan Ave., Suite 1207, Chicago, IL | Date and Time:<br>July 9, 11:30 a.m. |
|---|---|

The deposition will be recorded by this method: Certified Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all records, documents, notes, or tangible things of any kind that relate to either David Rhein or Kim Rhein.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/27/2014

CLERK OF COURT

OR

_____    /s/ Sunil Bhave
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sunil Bhave, counsel for Defendants _____, who issues or requests this subpoena, are:
100 W. Randolph St., 13th Fl., Chicago, IL, sbhave@atg.state.il.us, 312-814-4450

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 13 CV 843

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Dr. Michelle Howell
on *(date)* 06/26/2014 .

☑ I served the subpoena by delivering a copy to the named individual as follows: Jim Shaffer, counsel for Dr. Michelle Howell, by email per agreement, to jashaffer@ameritech.net
on *(date)* 06/30/2014 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 40.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 06/26/2014

/s/ Sunil Bhave
*Server's signature*

Sunil Bhave, Assistant Attorney General
*Printed name and title*

100 W. Randolph, 13th Fl., Chicago, IL 60601

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIM RHEIN and DAVID RHEIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 13 C 843 |
| v. ) | |
| ) | JUDGE FEINERMAN |
| AGENT PRYOR, Star Number 4816, an ) | |
| Illinois State Police Officer, in his ) | MAGISTRATE JUDGE KIM |
| individual capacity; AGENT SUMMERS, ) | |
| Star Number 5706, an Illinois State Police ) | |
| Officer, in his individual capacity; ) | |
| LIEUTENANT JOHN COFFMAN, an ) | |
| Illinois State Police Officer, in his ) | |
| individual capacity; HIRAM GRAU, ) | |
| Illinois State Police Director, in his official ) | |
| capacity; and LISA MADIGAN, Illinois ) | |
| Attorney General, in her official capacity, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF DEPOSITION**

To: Richard Dvorak
   Law Offices of Richard Dvorak
   18W140 W. Butterfield Rd., 15th Fl.
   Oak Brook Terrace, IL 60181

**PLEASE TAKE NOTICE** that the deposition of Dr. Alan Childs, will be taken upon oral examination, pursuant to Rule 30 of the Federal Rules of Civil Procedure, on July 9, 2014, at 10:30 a.m., at 30 N. Michigan Ave., Suite 1207, Chicago, IL, by an attorney for Defendants, before a notary public or some other officer authorized by law to administer oaths, and to be recorded by stenographic means.

1

LISA MADIGAN  
Attorney General of Illinois

Respectfully submitted,

By: /s/ *Sunil Bhave*  
Sunil Bhave  
Assistant Attorney General  
General Law Bureau  
100 W. Randolph, 13th Fl.  
Chicago, IL 60601

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 30, 2014, a copy of the foregoing Notice of Deposition was served via email to the person named below.

Richard J. Dvorak  
Law Offices of Richard Dvorak  
18W140 Butterfield Road  
15th Floor  
Oak Brook Terrace, IL 60181  
richard.dvorak@civilrightsdefenders.com

/s/ *Sunil Bhave*  
Sunil Bhave  
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIM RHEIN and DAVID RHEIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 13 C 843 |
| v. ) | |
| ) | JUDGE FEINERMAN |
| AGENT PRYOR, Star Number 4816, an ) | |
| Illinois State Police Officer, in his ) | MAGISTRATE JUDGE KIM |
| individual capacity; AGENT SUMMERS, ) | |
| Star Number 5706, an Illinois State Police ) | |
| Officer, in his individual capacity; ) | |
| LIEUTENANT JOHN COFFMAN, an ) | |
| Illinois State Police Officer, in his ) | |
| individual capacity; HIRAM GRAU, ) | |
| Illinois State Police Director, in his official ) | |
| capacity; and LISA MADIGAN, Illinois ) | |
| Attorney General, in her official capacity, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF DEPOSITION**

To: Richard Dvorak
Law Offices of Richard Dvorak
18W140 W. Butterfield Rd., 15th Fl.
Oak Brook Terrace, IL 60181

**PLEASE TAKE NOTICE** that the deposition of Dr. Michelle Howell, will be taken upon oral examination, pursuant to Rule 30 of the Federal Rules of Civil Procedure, on July 9, 2014, at 11:30 a.m., at 30 N. Michigan Ave., Suite 1207, Chicago, IL, by an attorney for Defendants, before a notary public or some other officer authorized by law to administer oaths, and to be recorded by stenographic means.

1

LISA MADIGAN  
Attorney General of Illinois

Respectfully submitted,

By: /s/ *Sunil Bhave*  
Sunil Bhave  
Assistant Attorney General  
General Law Bureau  
100 W. Randolph, 13th Fl.  
Chicago, IL 60601

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 30, 2014, a copy of the foregoing Notice of Deposition was served via email to the person named below.

Richard J. Dvorak  
Law Offices of Richard Dvorak  
18W140 Butterfield Road  
15th Floor  
Oak Brook Terrace, IL 60181  
richard.dvorak@civilrightsdefenders.com

/s/ *Sunil Bhave*  
Sunil Bhave  
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIM RHEIN and DAVID RHEIN, | ) |
|     Plaintiffs, | ) ) ) ) No. 13 C 843 |
| v. | ) ) JUDGE FEINERMAN |
| AGENT STEVEN PRYOR, Star Number 4816, an Illinois State Police Officer, in his individual capacity; AGENT FREDDIE SUMMERS, Star Number 5706, an Illinois State Police Officer, in his individual capacity; LIEUTENANT JOHN COFFMAN, an Illinois State Police Officer, in his individual capacity; HIRAM GRAU, Illinois State Police Director, in his official capacity; and LISA MADIGAN, Illinois Attorney General, in her official capacity, | ) ) MAGISTRATE JUDGE KIM ) ) ) ) ) ) ) ) ) ) ) ) |
|     Defendants. | ) |

**AGREED ORDER**

This matter comes before the Court on Defendants' Unopposed Motion for leave to take depositions of two licensed therapists and examine pertinent records. (Doc. 48). The parties anticipate that the deposition of Drs. Alan Childs and Michelle Howell (two licensed therapists) will need to be taken in this case. Counsel for Drs. Childs and Howell has received notice of Defendants' motion for leave to take their depositions and examine pertinent records.

The Court hereby grants Defendants' motion and makes the following findings:

1.    This is a civil proceeding in which Plaintiff David Rhein's mental condition is an element of a claim or defense;

1

2. This Court finds that, after *in camera* examination of the relevant evidence submitted under seal (Doc. 51), that testimony of Drs. Alan Childs and Michelle Howell (along with examination of pertinent records) is relevant, probative, and not unduly prejudicial or inflammatory, and is otherwise clearly admissible;

3. This Court finds that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence;

4. This Court finds that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm; and

5. Based upon the allegations set forth in the Amended Complaint, there is a compelling need for the Defendants to be able to examine these therapists about the extent and nature of any treatment and the basis and background for their diagnosis.

Accordingly, this Court hereby grants Defendants leave to take the depositions of Drs. Alan Childs and Michelle Howell, and to examine any pertinent records in their possession responsive to their examination of Plaintiff David Rhein.

So Ordered.

Dated: 6/16/2014

_____
Judge Gary Feinerman, U.S. District Judge

Prepared By:

___/s/*Sunil Bhave*_____
Sunil Bhave
Assistant Attorney General
General Law Bureau
100 W. Randolph, 13th Floor
Chicago, Illinois 60601
(312) 814-4450

2