IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIM RHEIN and DAVID RHEIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 13 C 843 |
| v. ) | |
| ) | JUDGE FEINERMAN |
| AGENT PRYOR, Star Number 4816, an ) | |
| Illinois State Police Officer, in his ) | MAGISTRATE JUDGE KIM |
| individual capacity; AGENT SUMMERS, ) | |
| Star Number 5706, an Illinois State Police ) | |
| Officer, in his individual capacity; ) | |
| LIEUTENANT JOHN COFFMAN, an ) | |
| Illinois State Police Officer, in his ) | |
| individual capacity; HIRAM GRAU, ) | |
| Illinois State Police Director, in his official ) | |
| capacity; and LISA MADIGAN, Illinois ) | |
| Attorney General, in her official capacity, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT JOHN COFFMAN'S MOTION FOR SUMMARY JUDGMENT**

Defendant John Coffman ("Defendant"), a retired Illinois State Police ("ISP") lieutenant, by and through his attorney Lisa Madigan, the Illinois Attorney General, hereby moves this Honorable Court to grant him summary judgment on Plaintiff's remaining claims against him, and dismiss those claims with prejudice. In support, Defendant states as follows:

1. Plaintiff filed an Amended Complaint alleging, among other claims, that Defendant violated his right to due process by denying Plaintiff both a pre- and post-deprivation hearing related to revocation of Plaintiff's Firearm Owner's Identification ("FOID") card. This is the only claim that remains in this case. (Doc. 64).

2. Defendant is entitled to qualified immunity.

**PRE-DEPRIVATION DUE PROCESS CLAIM**

3. Defendant did not violate clearly established law by revoking Plaintiff's FOID card without a pre-deprivation hearing. Defendant had received credible information that Plaintiff had made threats to an elected official and his staff. This necessitated that quick action be taken by Defendant, as Defendant had evidence that Plaintiff possessed a mental condition which posed a clear and present danger. 430 ILCS 65/8(f).

4. Where a pre-deprivation remedy is impracticable due to the necessity of quick action by the State, due process may be satisfied with the availability of an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 132 (1990). Here, Plaintiff had an adequate post-deprivation remedy.

5. There are no cases in this circuit, or elsewhere for that matter, that hold that, under the circumstances presented in this case, a pre-deprivation hearing was constitutionally warranted. *See Sutterfield v. City of Milwaukee*, 751 F.3d 542, 559 (7th Cir. 2014) ("'[W]hen police are acting in a swiftly developing situation . . . a court must not indulge in unrealistic second-guessing.") *quoting Leaf v. Shelnutt*, 400 F.3d 1070, 1092 (7th Cir. 2005).

**POST-DEPRIVATION DUE PROCESS CLAIM**

6. Nor did Defendant have any personal involvement in the alleged delay in Plaintiff's post-deprivation hearing. Without personal involvement, section 1983 liability cannot lie. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Hildebrandt v. Ill. Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003).

7. It is undisputed that Plaintiff requested reinstatement of his FOID card for the first time around September 23, 2011. But Defendant also had received information after Plaintiff requested reinstatement that Plaintiff had made further threats to the elected official's office.

Accordingly, Defendant was required to compile all information—including the nature of the additional threats and statements from the elected official's office—before processing a hearing for Plaintiff's FOID card reinstatement request.

8.  Defendant, however, was transferred within ISP to a different job in February 2012, where he no longer was involved with processing FOID card reinstatement requests. At that point (about only four months after Plaintiff requested reinstatement of his FOID card), Defendant had no further involvement with Plaintiff's reinstatement process. Accordingly, there was no further personal involvement in the alleged delay of the reinstatement hearing after Defendant was transferred.

9.  A short, four-month delay in processing Plaintiff's reinstatement request is not unconstitutional under the circumstances here. *See*, *e.g.*, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985) (holding that nine-month delay of post-deprivation hearing constitutional).

10. At the very least, Defendant did not violate "clearly established" law by waiting for further information before processing Plaintiff's reinstatement request over a four-month span. Accordingly, Defendant is entitled to qualified immunity.

11. Because Defendant is cloaked with the protection of qualified immunity, Plaintiff's remaining claims against him should be dismissed with prejudice.

12. For the reasons stated herein, as well in the accompanying Memorandum in Support of Motion for Summary Judgment and Local Rule 56.1 Statement of Undisputed Facts (which are incorporated herein by reference), this Court should dismiss all claims against Defendant with prejudice.

**Wherefore**, Defendant retired ISP Lieutenant John Coffman respectfully requests that this Court grant summary judgment in his favor, dismiss Plaintiff's remaining claims against him with prejudice, and order any other relief this Court deems just and proper.

| | |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | Respectfully submitted,<br><br>/s/ *Sunil Bhave*<br>Sunil Bhave<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br>(312) 814-4450 |

## CERTIFICATE OF SERVICE

I, Sunil Bhave, hereby certify that I have caused true and correct copies of the above and foregoing Motion for Summary Judgment to be sent via e-filing to all counsel of record on September 12, 2014, in accordance with the rules on electronic filing of documents.

/s/ *Sunil Bhave*
Sunil Bhave