IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DAVID RHEIN, | ) | |
|---|---|---|
| | ) | No. 13 C 843 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Hon. Judge Gary Feinerman |
| | ) | |
| LIEUTENANT JOHN COFFMAN, | ) | Hon. Mag. Judge Young B. Kim |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION SEEKING LEAVE TO FILE ADDITIONAL FACTS OR FOR ALTERNATIVE RELIEF, AND PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PURPORTED MOTIONS TO STRIKE**

The Plaintiff, David Rhein, by and through his attorneys, DVORAK LAW OFFICES, LLC, moves this Honorable Court to (1) grant his motion seeking leave to file an additional 20 facts in his Local Rule 56.1(a)(3) Statement of Undisputed Material Facts, or, (2) in the alternative, to grant leave to amend his Local Rule 56.1(a)(3) Statement of Undisputed Material Facts, and/or (3) to strike the Defendant's purported Motions to Strike contained in the Defendant's Response to Plaintiff's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts. In support, the Plaintiff states as follows:

1. On September 12, 2014, the Plaintiff filed his Local Rule 56.1(a)(3) Statement of Undisputed Material Facts. (Dkt. 68).

2. Plaintiff's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts contains 101 numbered paragraphs setting forth the material facts of the case.

3. The Northern District of Illinois' Local Rules limit movants to 80 numbered paragraphs absent leave of the Court. Local R. 56.1.

4. The Plaintiff exceeded the limit out of inadvertence, and apologizes to this Court and defense counsel for the error.

5. The Plaintiff is seeking leave to include the additional 21 facts already stated in the original pleading and already responded to by the Defendant. Given the importance of outlining the numerous dates of alleged contact with Representative DeLuca's office and the numerous dates of correspondence between the Plaintiff and the Illinois State Police, the Plaintiff moves this Honorable Court to grant the inclusion of these facts in order to make the timeline of events clear for the Court and ensure the inclusion of all of the material facts.

6. The Defendant will not suffer any prejudice, as he has already responded to all 101 facts.

7. On the other hand, the Plaintiff will suffer great prejudice if the motion is denied and/or the motion to strike is granted, since the additional 21 facts surround facts that are critical to the resolution of the Plaintiff's summary judgment motion.

8. In the alternative, the Plaintiff seeks leave to amend his Local Rule 56.1(a)(3) Statement of Undisputed Material Facts, to reduce the number of paragraphs to 80.

9. Finally, the Defendant's purported Motions to Strike Paragraphs 81-101 of the Plaintiff's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts, are improperly before the this Court, and the Plaintiff moves to strike said motions. *See* Dkt. 77, Defendant's Response to Plaintiff's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts, 16-23.

10. The Defendant's purported motions to strike are improper. "A party who wishes to argue that portions of an opposing party's statement of facts contains errors . . . may

file a motion to strike those portions of the statement." *Sherden v. Cellular Advantage, Inc.*, 07 CV 1006, 2009 WL1607598 (N.D. Ill. June 9, 2009). Further, "[a]ccording to Local Rule 12, written notice of the intent to present a motion and a copy of the motion must be personally served . . . . [and] the motion must be accompanied by a notice of presentment specifying the day and time on which the motion is to be presented." *Woulfe v. Cnty. of Cook Dep't of Adult Prob.*, 95 C 7435, 1997 WL 51700 (N.D. Ill. Feb. 5, 1997). In *Woulfe*, on a motion for summary judgment, Judge Kocoras struck the plaintiff's purported motion to strike portions of the defendant's statement, which was "merely included on a 'Notice of Filing'" filed with the plaintiff's various documents. *Id*. There, the judge noted, "[s]ince it contained no notice of presentment, this purported motion was improperly presented before this court, and we strike it." *Id*. Similarly, here, Defendant's purported motion to strike is improperly presented before this Court because it is included in the Defendant's Response to Plaintiff's Local Rule 56.1(a)(3) Statement of Undisputed Material Facts, rather than presented as required by the Local Rules.

Wherefore, the Plaintiff asks that this Honorable Court grant his motion to include additional facts in his Local Rule 56.1(a)(3) Statement of Undisputed Material Facts, or, in the alternative, grant the Plaintiff leave to amend said statement, and the Plaintiff asks that this Honorable Court strike the Defendant's purported Motion to Strike.

        Respectfully submitted,

        s/Iveliz Maria Orellano
        One of the Plaintiff's Attorneys.

Iveliz Maria Orellano
DVORAK LAW OFFICES, LLC
140 S. Dearborn, Suite 404

Chicago, IL 60603
(773) 218 – 6854
iveliz.m.orellano@gmail.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Plaintiff's Motion Seeking Leave to File Additional Facts or for Alternative Relief, and Plaintiff's Motion to Strike Defendant's Purported Motions to Strike was filed on October 14, 2014, and was served on all counsel of record via the Court's CM/ECF system.

s/Iveliz Maria Orellano
One of Plaintiff's Attorneys.
