IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID RHEIN, | ) | |
| | ) | No. 13 C 843 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Hon. Judge Gary Feinerman |
| | ) | |
| LIEUTENANT JOHN COFFMAN, | ) | Hon. Mag. Judge Young B. Kim |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE ADDITIONAL FACTS AND/OR ALTERNATIVE RELIEF**

Defendant retired Illinois State Police Lieutenant John Coffman, by his attorney Lisa Madigan, Attorney General of Illinois, hereby responds to Plaintiff's Motion Seeking Leave to File Additional Facts and/or Alternative Relief (Doc. 79). In support, Defendant states as follows:

1. The parties have filed cross-motions for summary judgment as well as respective responses. Along with Plaintiff's opening brief in support of summary judgment, he filed a statement of undisputed facts that did not comport with Local Rule 56.1. Specifically, Plaintiff filed 21 statements of facts in excess of the 80 allowed by Local Rule 56.1(a).

2. In his Response to Plaintiff's Local Rule 56.1 Statement, Defendant objected to facts 81-101 and stated that he moved to strike them on the ground that Plaintiff did not receive leave of court to file the additional 21 facts.

3. Defendant did not file a formal motion to strike the additional 21 facts at issue because of the well-known rule within this District that formal motions to strike a party's Local Rule 56.1 filings are heavily disfavored. *See Ind. Trust Corp. v. Fidelity Nat'l Title Ins. Co.*, 577

F. Supp. 2d 1023, 1052 (N.D. Ill. 2008) (citing *RLJCS Enters., Inc. v. Prof'l Benefit Trust, Inc.*, 438 F. Supp. 2d 903, 906-08 (N.D. Ill. 2006).

4. Motions to strike unnecessarily burden the court, especially when the court has the discretion to expect strict compliance with the Local Rules. That is, it is ultimately in this Court's discretion whether to strike portions of a Local Rule 56.1 filing that do not comply with the rules. *See Strychalski v. Baxter Healthcare Corp.*, 2014 WL 1154030, *1 (Mar. 20, 2014). This is especially true here, where a formal motion to strike would waste time—it would simply state one sentence: Plaintiff's facts 81-101 exceed the number of facts permissible without leave of court.

5. It is in this context that Defendant simply stated his objection and asked the court to strike the additional facts filed in contravention of the local rules.

6. Subject to this objection, however, Defendant answered the facts out of an abundance of caution.

7. Defendant requests that this Court require strict compliance with the Local Rules and not consider Plaintiff's facts 81-101. Plaintiff's claim of inadvertence is not excusable in light of the conspicuous notice provided to parties in Local Rule 56.1(a).

8. However, Defendant recognizes that ultimately this Court has discretion to consider the additional 21 facts. Thus, to the extent this Court will consider Plaintiff's facts filed outside of strict compliance with Local Rule 56.1(a), Defendant stands on the answers that he provided in his Response.

| | |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | Respectfully submitted, |
| | /s/ *Sunil Bhave*<br>Sunil Bhave<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br>(312) 814-4450 |

## CERTIFICATE OF SERVICE

I, Sunil Bhave, hereby certify that I have caused true and correct copies of the above and foregoing Response to Plaintiff's Motion for Leave to File Additional Facts to be sent via e-filing to all counsel of record on October 15, 2014, in accordance with the rules on electronic filing of documents.

/s/ *Sunil Bhave*
Sunil Bhave
Assistant Attorney General